NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHINHUA LIU, | |
| Plaintiff, | Civil Action No. 23-3819 (MAS) (RLS) |
| v. | **MEMORANDUM OPINION** |
| KUN LU, *et al.*, | |
| Defendants. | |

**SHIPP, District Judge**

This matter comes before the Court upon Defendants Kun Lu ("Lu") and Russell Lazovick's ("Lazovick") (collectively, "Defendants") motions to dismiss Plaintiff Shinhua Liu's ("Plaintiff") Complaint (ECF No. 1) pursuant to Federal Rule of Civil Procedure[1] 12(b)(6) (ECF Nos. 20, 26). Plaintiff opposed (ECF Nos. 24, 30) and only Lazovick replied (ECF No. 29). The Court has considered the parties' written submissions and decides the motions without oral argument pursuant to Local Civil Rule 78.1. For the reasons below, Defendants' motions to dismiss are granted.

**I.   BACKGROUND**

Plaintiff and Defendant Lu were married in China in 1996 and approximately thirteen years later, they were divorced. (Compl. ¶ 10, ECF No. 1.) Following their divorce, Plaintiff and Lu were involved in a host of contentious legal proceedings in the Superior Court of New Jersey, Family Part ("State Court"). (*Id.* ¶¶ 10-18.) In December 2011, Lu was granted sole legal and

---

[1] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

physical custody of their now eighteen-year-old daughter, Susan Liu ("Susan"), and Plaintiff was ordered to pay child support. (*Id.* ¶ 10.) About a month later, the State Court issued a Final Restraining Order ("FRO") restraining Plaintiff from contacting Lu and certain family members, including, but not limited to, their daughter Susan. (*Id.* ¶ 11.)

Over the next decade, Plaintiff set out to vacate the FRO against him or, in the alternative, amend the FRO to permit his contact with Susan and reinstate his parenting time. (*Id.* ¶¶ 12-18; *see, e.g.*, Ex. 5 to Compl., ECF 1-3.) Plaintiff moved to vacate the FRO in State Court in May 2013, in March 2014, in December 2016, and again, in July 2017. *K.L. v. S.L.*, A-1037-17, 2018 WL 4038312, at *1-3 (N.J. Super. Ct. App. Div. Aug. 24, 2018). In each instance, Plaintiff's efforts were to no avail. *Id.* Notably, in October 2017, the State Court again denied Plaintiff's request to modify the FRO as "[n]either [Lu] nor her family consented to dissolving the FRO" and "[Lu] certified [that] she still live[d] in 'extreme fear' of [Plaintiff], as [did] [Susan] and her extended family." *Id.* at *3. The State Court further noted that this was "[Plaintiff's] seventh motion[2] to modify provisions in the FRO, several of which were procedurally deficient even after the [State Court] brought the deficiencies to [Plaintiff's] attention." *Id.*

Undeterred, Plaintiff appealed the October 2017 decision to the New Jersey Appellate Division and sought certification from the New Jersey Supreme Court, neither of which ruled in his favor. *See K.L.*, 2018 WL 4038312, at *4 ("[W]e are satisfied the record fully supports the

---

[2] After receiving warnings from the State Court about "harassing" litigation, the State Court entered an order on March 15, 2017 (the "March 15, 2017 Order") that Plaintiff was required to obtain pre-approval before filing future "FM" motions. (Compl. ¶ 15.) Plaintiff challenged the March 15, 2017 Order, and this too was unsuccessful. *K.L.*, 2018 WL 4038312, at *5 ("Considering the history of repetitive, procedurally deficient, and meritless filings by [Plaintiff], we cannot conclude the trial court abused its discretion by continuing the pre-approval process.").

Family Part's decision to deny [Plaintiff's] motion in its entirety"); *see also K.L. v. S.L.*, 203 A.3d 884 (N.J. 2019) (denying certification).

This protracted history of litigation pressed on when, in February 2023, Plaintiff made a request for Susan's academic records with the Ridge High School. (Compl. ¶ 19.) In response, counsel for the Bernards Township Board of Education ("Bernards Township BOE"), on behalf of the Ridge High School, informed Lu's then-counsel that it would provide Plaintiff with access to Susan's records "[u]nless [it] receive[d] specific direction on this issue from a court of competent jurisdiction by March 24, 2023[.]" (*Id.*; Ex. 15 to Compl., ECF No. 1-4.) In light of the Bernards Township BOE's response, Lu timely filed an emergent application with the State Court to prevent Plaintiff's access to Susan's records. (Compl. ¶ 20.) Specifically, Lu stated that the information contained in Susan's academic file contained "private contact information which would violate the terms of the FRO if released[,]" such as "[Lu's] address, telephone number, and email address." (Ex. 17 to Compl. *44, ECF No. 1-4.) Lu raised that, if the academic file was released, there was a risk of irreparable harm "given [Plaintiff's] history of . . . domestic violence toward[s] [Lu] and [their] daughter." (*Id.*)

After a hearing and oral argument, the State Court issued an order on May 1, 2023 (the "May 1, 2023 Order"), in favor of Lu, restricting the release of Susan's academic records to Plaintiff. (Compl. ¶ 29; *see also* Ex. B to Lu Mot. Dismiss, ECF No. 26-4.) In its statement of reasons, the State Court noted that Lu provided "numerous examples of [Plaintiff's] controlling and abusive behavior during and after the parties' marriage[,]" and that an FRO was already issued "to protect both [Lu] and Susan[.]" (Ex. B to Lu Mot. Dismiss 5) "Given the likelihood that [Plaintiff] may use the information from Susan's academic file in an abusive manner in violation of the existing FRO," the State Court found that "[Lu] had shown emergent relief was warranted."

3

(*Id.*)³ The Bernards Township BOE and Lazovick, the principal of the Ridge High School, complied with the May 1, 2023 Order and Susan's "student records were not released to Plaintiff." (Lazovick Mot. Dismiss 4, ECF No. 20-1.)

Months later, Plaintiff initiated the instant federal action against Lu and Lazovick, in his individual capacity and his official capacity. (*See generally* Compl.) The Complaint alleges the following causes of action⁴: (1) the State Court's issuance of the FRO violated Plaintiff's procedural due process rights under the Fourteenth Amendment ("Count One") (*id.* ¶¶ 61-66); (2) the State Court's restriction on Plaintiff's filing of FM motions violated Plaintiff's procedural due process rights under the Fourteenth Amendment ("Count Two") (*id.* ¶¶ 67-70); (3) the State Court's termination of Plaintiff's parental rights violated his procedural and substantive due process rights under the Fourteenth Amendment ("Count Three") (*id.* ¶¶ 71-74); (4) the State Court's issuance of the FRO constituted "cruel or unusual punishment" under the Eighth Amendment ("Count Four") (*id.* ¶¶ 75-77); (5) the State Court's FRO and subsequent order preventing Plaintiff's access to Susan's education records violated federal law ("Count Five") (*id.* ¶¶ 78-81); (6) the State Court's FRO violated state law ("Count Six") (*id.* ¶¶ 82-85); and (7) Plaintiff is entitled to punitive damages ("Count Seven") (*id.* ¶¶ 86-88). Plaintiff seeks, among

---

³ In essence, the State Court found that Plaintiff's contacting of the Bernards Township BOE for a record request was "a classic attempt at an end-run around the restraints of the FRO and the numerous [o]rders of [the State Court] and the Appellate Division." (Ex. B to Lu Mot. Dismiss 8-9.) The State Court also noted that Susan, "[u]pon turning 18 years old . . . may elect to have herself removed from the FRO as a protected party and may choose to share her academic records, medical records, personal records, . . . and/or other identifying information with defendant or anybody she so chooses." (*Id.* at 5.)

⁴ While the allegations are not entirely clear, the Court construes them in a light most favorable to the pro se Plaintiff. *See Holley v. Dep't of Veteran Affs.*, 165 F.3d 244, 247-48 (3d Cir. 1999) (stating that courts have an obligation to liberally construe pro se pleadings).

other things, that this Court declare the State Court's FRO and the May 1, 2023 Order restricting his access to Susan's education records as unconstitutional. (*Id.* at 33-34.)

Now before the Court are Lazovick and Lu's motions to dismiss the Complaint under Rule 12(b)(6). (*See* Lu. Mot. Dismiss; Lazovick Mot. Dismiss.) In moving to dismiss, Defendants principally argue that Plaintiff's Complaint is subject to dismissal under the *Rooker-Feldman* doctrine. (Lazovick Mot. Dismiss 10-12; Lu Mot. Dismiss[5] 1-2.) That is, Defendants contend that Plaintiff brings this action to collaterally attack the State Court's orders that ruled unfavorably against him.[6] (*Ibid.*) Plaintiff opposed the motions (ECF Nos. 24, 30) and Lazovick replied (ECF No. 29).

## II.  LEGAL STANDARD

### A.  *Rooker-Feldman*

It is well established that "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Since subject matter jurisdiction is a threshold requirement for consideration of the sufficiency of the underlying claims, the Court's analysis begins there." *Frame v. Lowe*, No. 09-2673, 2010 WL 503024, at *5 (D.N.J. Feb. 8, 2010).

It is well settled that federal district courts do not have appellate jurisdiction "over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *see also Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 416 (1923). This rule, which has come to be known as the *Rooker-Feldman* doctrine, provides

---

[5] Like Plaintiff, Defendant Lu is proceeding pro se.

[6] Defendants also argue that Plaintiff's Complaint fails to state a claim upon which relief can be granted. (*See generally* Lazovick Mot. Dismiss; Lu Mot. Dismiss.)

that only the United States Supreme Court may review decisions of a state court under the authority vested by 28 U.S.C. § 1257(a). *Parkview Assoc. P'ship v. City of Lebanon*, 225 F.3d 321, 324 (3d Cir. 2000). Thus, where exercising jurisdiction over a case would result in the reversal or modification of a state court judgment, the district court has no subject matter jurisdiction to hear the case. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (explaining that federal courts are precluded from exercising jurisdiction over a case brought by state-court losers challenging the state-court judgments rendered before the District Court proceedings commenced).

A challenge under the *Rooker-Feldman* doctrine for lack of subject-matter jurisdiction is a factual challenge. *Mirayes v. O'Connor*, No. 13-934, 2013 WL 6501741, at *3 (D.N.J. Dec. 11, 2013). When evaluating a factual challenge, a court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Mortensen v. First Fed Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Unlike a facial analysis, no presumption of truth attaches to a plaintiff's allegations in a factual challenge and "the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* When faced with a factual challenge, the plaintiff bears the burden of establishing that jurisdiction exists. *Id.*

**B.    Rule 12(b)(6)**

When analyzing a Rule 12(b)(6) motion, a district court conducts a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim . . . ." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578

6

F.3d 203, 210 (3d Cir. 2009) (citing *Iqbal*, 556 U.S. at 678). The court, however, must disregard any conclusory allegations proffered in the complaint. *Id.* at 210-11. Finally, once the well-pleaded facts have been identified and the conclusory allegations ignored, a court must determine whether the "facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

### III.   ANALYSIS

#### A.   *Rooker-Feldman* Doctrine

The Court, as it must, begins with its independent obligation to satisfy itself of jurisdiction. *See Frame*, 2010 WL 503024, at *5. The *Rooker-Feldman* doctrine precludes this court from exercising subject matter jurisdiction over a plaintiff's claims where four elements are satisfied: "(1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Robinson v. N.J. Mercer Cnty. Vicinage-Fam. Div.*, 514 F. App'x 146, 150 (3d Cir. 2013) (quoting *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010)). The Court finds that all four criteria are met here.

The first and third elements are satisfied here. Plaintiff pleads that he lost in State Court and that the orders he now seeks to challenge were entered against him before filing this federal action. (Compl. ¶ 7.) Specifically, Plaintiff challenges: (1) the FRO entered in favor of Lu on January 5, 2012; (2) the May 1, 2023 Order denying his access to Susan's educational records; and (3) the State Court's March 15, 2017 Order imposing a "pre-approved" restriction on Plaintiff's filing of future "FM" motions. (*See* Compl. 33-34.)

As to the second element, Plaintiff alleges to have suffered injuries caused by the state-court judgments. In *Great Western*, the Third Circuit provided a hypothetical example of where *Rooker-Feldman* applies, which, in large part, mirrors the circumstances presented in this case:

> Suppose a state court, based purely on state law, terminates a father's parental rights and orders the state to take custody of his son. If the father sues in federal court for the return of his son on grounds that the state judgment violates his federal substantive due-process rights as a parent, he is complaining of an injury caused by the state judgment and seeking its reversal.

*Great W. Mining*, 615 F.3d at 166-67 (quoting *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 87 (2d Cir. 2005)).

Indeed, since *Great Western*, the Third Circuit in *Walsh* provided additional clarity that Plaintiff's claims are barred by *Rooker-Feldman*. *See Walsh v. Walsh*, 763 F. App'x 243, 245 (3d Cir. 2019). Like this case, the *Walsh* plaintiff unsuccessfully challenged the entry of a final restraining order in state court:

> After a hearing, [the state court] granted a restraining order that prevented [the plaintiff] from having contact with his children. [The plaintiff] sought reconsideration, which [the state court] denied, and the Appellate Division of the Superior Court affirmed the denial of the motion for reconsideration.

*Id.* (citing *K.W. v. J.W.*, No. A-2719-15T2, 2017 WL 2854440, at *3 (N.J. Super. Ct. App. Div., 2017)). Having lost in state court, the *Walsh* plaintiff brought a federal action before this Court alleging to have suffered "defamation, misrepresentation, intentional infliction of emotional distress, and negligent infliction of emotional distress, respectively, due to the issuance of the FRO." *See Walsh v. Walsh*, No. 16-4242, 2017 WL 923860, at *3 (D.N.J. Mar. 8, 2017), *aff'd*, 763 F. App'x 243, 246 (3d Cir. 2019). The Third Circuit affirmed this Court's dismissal of Plaintiff's claims under the *Rooker-Feldman* doctrine:

8

> [The plaintiff] lost in state court. His claims allege, at least in part, that this order injured him by separating him from his children. That order preceded his federal action. Finally, he contends that the restraining order violates his constitutional rights, and thus asked the District Court to directly review and reject it.

*Walsh*, 763 F. App'x at 245 (emphasis added).

Despite Plaintiff's assertions to the contrary, every Count in the Complaint alleges violations of Plaintiff's parental rights and injuries arising from being separated from his daughter pursuant to the FRO or otherwise being denied access to his daughter's academic records. (*See* Compl. *40[7]; *id.* ¶¶ 61-88.) He claims to have suffered emotional and mental distress and requests compensatory and punitive damages because of the State Court's orders and the FRO. (*Id.*) Accordingly, it is self-evident that Plaintiff is complaining of injuries caused by the state-court judgments.

The fourth element is also satisfied. This element requires the Court to evaluate whether "[P]laintiff's claims will require appellate review of [the] state-court decision[] by the [D]istrict [C]ourt." *Great W. Mining*, 615 F.3d at 169. This requirement will not be satisfied where a "'federal plaintiff present[s] some independent claim,' even if that claim denies a legal conclusion reached by the state court." *Id.* (quoting *Exxon Mobil*, 544 U.S. at 293).

Here, Plaintiff seeks a declaratory judgment that "the FRO is unconstitutional" and that the March 15, 2017 Order restricting his filing of FM motions without preapproval "is unconstitutional". (Compl. 33-34.) Plaintiff further seeks "[t]o enjoin the continued enforcement of the unconstitutional FRO," "[t]o enjoin the continued enforcement of the unconstitutional 'pre-approved' restriction on [his] FM motions[,]" and "[t]o enjoin the continued enforcement of the [S]tate [C]ourt's order . . . regarding Susan's records [which was allegedly] 'ratified' by the

---

[7] Page numbers preceded by an asterisk reflect page numbers atop the ECF header.

9

unconstitutional FRO." (*Id.*) In seeking injunctive relief to preclude enforcement of the State Court judgments, Plaintiff is collaterally challenging the State Court decisions against him. *See id.* In short, Plaintiff's attempt to use the federal court system as a means of overturning judgments rendered in the State Court proceedings is an exercise expressly prohibited under the *Rooker-Feldman* doctrine.

Because all four elements are met, and considering the Third Circuit has spoken clearly on this issue, the Court dismisses any and all claims in the Complaint challenging the FRO, the March 15, 2017 Order, and the May 1, 2023 Order. These claims are dismissed with prejudice.[8] *See Cuevas v. Wells Fargo Bank, N.A.*, No. 14-6208, 2015 WL 5123746, at *5 (D.N.J. Sept. 1, 2015) *aff'd*, 643 F. App'x 124, 126-27 (3d Cir. 2016) (applying *Rooker-Feldman* doctrine and dismissing complaint with prejudice for lack of subject-matter jurisdiction).

### B.   Independent Injuries

While most claims in the Complaint are barred under the *Rooker-Feldman* doctrine, the Court will consider any alleged independent injuries caused by Defendants during the domestic-relations proceedings. *Walsh*, 763 F. App'x at 245. Such claims are not barred under *Rooker-Feldman. Id.*; *see also Great W. Mining*, 615 F.3d at 171 n.5 ("even if the state-court decision was justified, a plaintiff could nevertheless be entitled to some relief based on the violation of his or her due process rights, which is an independent injury.") (citing *Carey v. Piphus*, 435 U.S. 247, 266 (1978))); *see also Kawall v. New Jersey*, 678 F. App'x 86, 87-88 (3d Cir. 2017) (per curiam) (addressing separately a plaintiff's claim of "some independent injury caused by [the opposing party]'s conduct during [state court] proceedings").

---

[8] To the extent Plaintiff seeks to challenge any other prior State Court orders rendered during the domestic-relations proceedings, such orders are also subject to *Rooker-Feldman* and must be dismissed with prejudice.

10

As to Lu, Plaintiff appears to allege independent injuries caused by a conspiracy under 42 U.S.C. § 1985 ("Section 1985"), and 18 U.S.C. §§ 241 and 242, as well as due process and equal protection violations under the Eighth and Fourteenth Amendments, respectively. (*See generally* Compl.) As to Lazovick, Plaintiff only appears to allege claims of conspiracy under Section 1985. (*Id.* at 34-35.) The merit of any independent causes of action alleged in the Complaint will be addressed in turn.

    i.  *18 U.S.C. §§ 241 and 242*

First, Plaintiff's Complaint alleges claims against Defendants for violations of criminal conspiracy statutes, 18 U.S.C. §§ 241 and 242. (Compl. ¶¶ 61-81.) It is well established, however, that a private citizen may not initiate criminal prosecution under 18 U.S.C. §§ 242 or 241. *See Rodriguez v. Salus*, 623 F. App'x 588, 589 n.1 (3d Cir. 2015) (discussing that a plaintiff's claims attempting to initiate criminal charges under 18 U.S.C. §§ 241 or 242 were properly dismissed because "there is no federal right to require the government to initiate criminal proceedings." (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)));; *see also Wheeler v. Ulisny*, 482 F. App'x 665, 669 (3d Cir. 2012) (stating that "a private citizen cannot file a criminal complaint in [federal] court nor is there a federal right to require the Government to initiate criminal proceedings" (citing *Linda R.S.*, 410 U.S. at 619)). For this reason, Plaintiff's claims under 18 U.S.C. §§ 241 and 242 fail as a matter of law and are dismissed with prejudice.

    ii.  *Eighth Amendment*

Under Count Four, Plaintiff alleges a claim against Lu for "cruel and unusual punishment" under the Eighth Amendment in connection with the termination of his parental rights. (Compl. ¶¶ 75-77.) "[T]he Eighth Amendment prohibits the infliction of cruel and unusual punishment upon prisoners[.] [I]t applies only 'after [the State] has secured a formal adjudication of guilt in

11

accordance with due process of law.'" *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003) (quoting *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983). Thus, the Eighth Amendment, which applies only to convicted and sentenced prisoners, is inapplicable. Plaintiff's Eighth Amendment claim is dismissed with prejudice.

### iii. Section 1985 – Conspiracy

Next, Plaintiff alleges that Defendants "colluded to violate [his] constitutional parental rights" in violation of Section 1985(3). (Compl. ¶ 66.) Section 1985 provides a cause of action against persons who "conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." *See* 42 U.S.C. § 1985(3). To state a claim, "a plaintiff must allege: (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, and person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to a person or property or the deprivation of any right or privilege of a citizen of the United States." *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997).

The allegations in the Complaint are insufficient to raise a claim of conspiracy under Section 1985. First and foremost, there are no factual allegations to suggest that Defendants were motivated by discriminatory animus to deprive Plaintiff of equal protection of the laws. *Burgos v. Canino*, 641 F. Supp. 2d 443, 457-58 (E.D. Pa. 2009), *aff'd*, 358 F. App'x 302 (3d Cir. 2009) ("The language requiring intent to deprive [another] of equal protection" indicates "that there must be some racial, or perhaps otherwise class-based discriminatory animus behind the conspirators' action.") (quoting *Kush v. Rutledge*, 460 U.S. 719, 726 (1983)). This alone is a sufficient basis to dismiss the claim.

Plaintiff also does not allege sufficient facts to show a conspiracy existed. *See Startzell v. City of Phil.*, 533 F.3d 183, 205 (3d Cir. 2008) (providing that to constitute a conspiracy, there must be a meeting of the minds); *Shearin v. E.F. Hutton Grp., Inc.*, 885 F.2d 1162, 1166 (3d Cir. 1989) ("To plead conspiracy adequately, a plaintiff must set forth allegations that address the period of the conspiracy, the object of the conspiracy, and the certain actions of the alleged conspirators taken to achieve that purpose.").

As to Lazovick, all that is alleged is the correspondence from the Bernards Township BOE to Defendant Lu's former counsel. (Compl., Ex. 15.) This correspondence does not suggest any wrongdoing. (*Id.*) Rather, the Bernards Township BOE merely advised that it would turn Susan's records over to Plaintiff "[u]nless it receive[d] specific direction on this issue from a court of competent jurisdiction[.]" (*Id.*) Lu timely filed an emergent application and successfully obtained the May 1, 2023 Order thereafter preventing Plaintiff's access to his daughter's records, and Lazovick and the Bernards Township BOE lawfully complied with the State Court's directive. (Lazovick Mot. Dismiss 2 (noting "Lazovick was [merely] complying with a lawful State Court [o]rder.").) In fact, had Lazovick complied with Plaintiff's requests, he would have violated the

State Court's Order. (*Id.*) Without more, Plaintiff's allegations do not state a claim against Lazovick under Section 1985 and must be dismissed.[9]

The same holds true as to Plaintiff's conspiracy claims against Lu. Plaintiff broadly alleges that Lu and her prior counsel somehow: (1) colluded with the Honorable Thomas C. Miller, J.S.C. (ret.) to terminate Plaintiff's parental rights and issue the permanent FRO (Compl. ¶ 74); (2) colluded with other judges to enjoin Plaintiff from filing future motions (*id.* ¶¶ 64, 70); and (3) colluded with Lazovick to deny him access to Susan's academic records (*id.* ¶ 19). These allegations of collusion, however, are without any discernable factual support. *Young v. Kann*, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991) ("[I]t is a longstanding rule in the Third Circuit that a mere allegation . . . of conspiracy or collusion without alleging the facts which constituted such conspiracy or collusion is a conclusion of law and is insufficient [to state a claim]."). At this juncture, the Complaint merely shows that Lu lawfully obtained an FRO against Plaintiff and otherwise complied with the State Court's orders. (*See* Lu Mot. Dismiss 2.) Indeed, "merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." *Dennis v. Sparks*, 449 U.S. 24, 28 (1980).

---

[9] The Court recognizes Lazovick's arguments that he is entitled to absolute and qualified immunity. (Lazovick Mot. Dismiss 13-15.) At present, the Court cannot decipher what specific constitutional violations Plaintiff alleges, and for that reason, the Court will not venture into Lazovick's immunity arguments. *Winfield Scott Tower Urb. Renewal LP v. Luciani*, No. 23-133, 2024 WL 383980, at *8 n.8 (D.N.J. Feb. 1, 2024) ("The Court stops its analysis here because a qualified immunity defense, for example, requires a Court to assess 'whether the facts alleged []in the context of a motion to dismiss . . . make out a violation of a constitutional right.'") (quoting *Karns v. Shanahan*, 879 F.3d 504, 520 (3d Cir. 2018)). Because the Court cannot decipher what constitutional violations occurred or the facts underlying them, assessing immunity would be premature without first offering Plaintiff an opportunity to amend. *Id.* If Plaintiff chooses to file an amended complaint, and if Lazovick still believes his immunity defenses apply, Lazovick may reassert such arguments in a subsequent motion to dismiss.

Because all of Plaintiff's conspiracy theories are conclusory and devoid of factual detail, the Court dismisses all conspiracy claims against Lu.

> iv. *Section 1983 – Fourteenth Amendment*

The Complaint also brings general allegations that Lu violated Plaintiff's constitutional rights under the Fourteenth Amendment. (*See generally* Compl.) This claim is similarly dismissed.

The procedural vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In other words, a plaintiff "must establish that she was deprived of a federal constitutional or statutory right by *a state actor*." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (emphasis added).

Whether a defendant is acting under color of state law — i.e., whether the defendant is a state actor — depends on whether there is "such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotation marks omitted) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)). In answering that question,

> [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity.

*Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (cleaned up).

Here, Lu is a private citizen, not a state actor. *Dongon v. Banar*, 363 F. App'x 153, 156 (3d Cir. 2010) (noting that "a private citizen . . . cannot be subject to liability under § 1983"). Plaintiff has not pled legitimate facts to support an inference of a "close nexus" between Lu's private conduct and the state itself such that the challenged actions can fairly be treated as actions of the state. *Leshko*, 423 F.3d at 339. And the mere fact that Lu has engaged in litigation with Plaintiff does not convert her into a state actor. *See Cobb v. Ga. Power Co.*, 757 F.2d 1248, 1251 (11th Cir. 1985) ("[O]ne who has obtained a state court order or judgment is not engaged in state action merely because it used the state court legal process.").

While the Court recognizes that a private party may qualify as state actor if she conspires with a state official, *Walsh*, 763 F. App'x at 246, for the same reasons delineated above, Plaintiff has not pled any meaningful facts that Lu was involved in a conspiracy. For this reason, Plaintiff has not adequately alleged a § 1983 claim against Lu and this claim will be dismissed.

    v.  *Remaining State Law Claims*

Finally, Plaintiff alleges state law claims under Count Six pursuant to the Prevention of Domestic Violence Act ("PVDA"), N.J.S.A. 2C:25-17 to -35. (Compl. ¶ 31.) These allegations are equally difficult for the Court to discern. Nevertheless, because the Court dismisses all of Plaintiff's federal claims, it will dismiss any pendent state law claims for lack of jurisdiction. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are

dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").[10]

### C. Leave to Amend

As this is a first dismissal, the Court grants pro se Plaintiff an opportunity to file an amended complaint within forty-five days. *See, e.g.*, *In re: Lamictal Indirect Purchaser & Antitrust Consumer Litig.*, 172 F. Supp. 3d 724, 739 (D.N.J. 2016). In any subsequent pleading, Plaintiff must take care to outline specific facts for this Court and for Defendants as to exactly how the wrongful behavior Plaintiff alleges violates the Constitution, the Fourteenth Amendment, and 42 U.S.C. §§ 1983 and 1985. If Plaintiff fails to file an amended complaint within this timeframe, his federal claims will be dismissed with prejudice.

### IV. CONCLUSION

For the reasons stated above, the Court grants Defendants' motions to dismiss. Plaintiff's claims under 18 U.S.C. §§ 241 and 242, the Eighth Amendment, and any claims that are subject to the *Rooker-Feldman* doctrine are dismissed with prejudice. Plaintiff's remaining claims are dismissed without prejudice. Any proposed amended complaint must address and fix the deficiencies identified in the within Memorandum Opinion. An Order consistent with this Memorandum Opinion will be entered.

                                                          MICHAEL A. SHIPP
                                                          UNITED STATES DISTRICT JUDGE

---

[10] To the extent Plaintiff brings any other claims against Defendants, the factual underpinnings or legal merit of such claims are not clear from the face of the Complaint. The Court declines any invitation to engage in a full analysis of the potential constitutional theories that Plaintiff intends to bring against Defendants without any factual context. *Rayford v. Amazon Logistics, Inc.*, No. 21-20591, 2022 WL 4011037, at *3 (D.N.J. Sept. 2, 2022) ("[T]he Court need not speculate as [p]laintiff, even *pro se*, bears the burden of adequate pleading.").