**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHINHUA LIU,<br><br>    Plaintiff,<br><br>    v.<br><br>KUN LU, *et al.*,<br><br>    Defendants. | Civil Action No. 23-3819 (MAS) (JTQ)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Defendants Kun Lu ("Lu") and Russell Lazovick's ("Lazovick") (collectively, "Defendants") Motions to Dismiss Plaintiff Shinhua Liu's ("Plaintiff") Amended Complaint (ECF No. 39) pursuant to Federal Rule of Civil Procedure[1] 12(b)(6) (ECF Nos. 42, 45). Plaintiff opposed (ECF Nos. 43, 46), and only Lazovick replied (ECF No. 47). The Court has considered the parties' written submissions and decides the motions without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons below, Defendants' Motions to Dismiss are granted.

**I.   BACKGROUND**

**A.   Factual Background**

Plaintiff and Lu were married in China in 1996 and divorced approximately thirteen years later. (Am. Compl. ¶ 10, ECF No. 39.) Following their divorce, Plaintiff and Lu were involved in a host of contentious legal proceedings in the Superior Court of New Jersey, Family Part ("State

---

[1] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

Court"). (*Id.* ¶¶ 10-18.) In December 2011, Lu was granted sole legal and physical custody of their now nineteen-year-old daughter, Susan Liu ("Susan"), and Plaintiff was ordered to pay child support. (*Id.* ¶ 10.) About a month later, the State Court issued a Final Restraining Order ("FRO"), restraining Plaintiff from contacting Lu and certain family members, including, but not limited to, their daughter Susan. (*Id.* ¶ 11.)

Over the next decade, Plaintiff set out to vacate the FRO against him or, in the alternative, amend the FRO to permit his contact with Susan and reinstate his parenting time. (*Id.* ¶¶ 12-18; *see, e.g.*, Ex. 5 to Compl., ECF 1-3.) Plaintiff moved to vacate the FRO in State Court four times: in May 2013, March 2014, December 2016, and July 2017. *K.L. v. S.L.*, No. A-1037-17, 2018 WL 4038312, at *1-3 (N.J. Super. Ct. App. Div. Aug. 24, 2018). In each instance, Plaintiff's efforts were to no avail. *Id.* Notably, in October 2017, the State Court again denied Plaintiff's request to modify the FRO as "[n]either [Lu] nor her family consented to dissolving the FRO" and "[Lu] certified [that] she still live[d] in 'extreme fear' of [Plaintiff], as d[id] [Susan] and her extended family." *Id.* at *3. The State Court further noted that this was "[Plaintiff]'s seventh motion[2] to modify provisions in the FRO, several of which were procedurally deficient even after the [State Court] brought the deficiencies to [Plaintiff]'s attention." *Id.*

Undeterred, Plaintiff appealed the October 2017 decision to the New Jersey Appellate Division and sought certification from the New Jersey Supreme Court, neither of which ruled in his favor. *See K.L.*, 2018 WL 4038312, at *4 ("[W]e are satisfied the record fully supports the

---

[2] After the State Court warned Plaintiff about "harassing" litigation, the State Court entered an order on March 15, 2017 (the "March 15, 2017, Order") that Plaintiff was required to obtain pre-approval before filing future "FM" motions. (Am. Compl. ¶¶ 15, 17.) Plaintiff challenged the March 15, 2017, Order, and this too was unsuccessful. *K.L.*, 2018 WL 4038312, at *5 ("Considering the history of repetitive, procedurally deficient, and meritless filings by [Plaintiff], we cannot conclude the trial court abused its discretion by continuing the pre-approval process.").

2

Family Part's decision to deny [Plaintiff]'s motion in its entirety."); *see also K.L. v. S.L.*, 203 A.3d 884 (N.J. 2019) (denying certification).

This protracted history of litigation pressed on when, in February 2023, Plaintiff made a request for Susan's academic records with the Ridge High School. (Am. Compl. ¶ 19.) In response, counsel for the Bernards Township Board of Education ("Bernards Township BOE"), on behalf of the Ridge High School, informed Lu's then-counsel that it would provide Plaintiff with access to Susan's records "[u]nless [it] receive[d] specific direction on this issue from a court of competent jurisdiction by March 24, 2023[.]" (*Id.*; Ex. 15 to Compl., ECF No. 1-4.) In light of the Bernards Township BOE's response, Lu timely filed an emergent application with the State Court to prevent Plaintiff's access to Susan's records. (Am. Compl. ¶ 20.) Specifically, Lu stated that the information contained in Susan's academic file contained "private contact information which would violate the terms of the FRO if released[,]" such as "[Lu]'s address, telephone number, and email address." (Ex. 17 to Compl. 3, ECF No. 1-4.) Lu raised that, if the academic file was released, there was a risk of irreparable harm "given [Plaintiff's] history of . . . domestic violence towards [Lu] and [their] daughter." (*Id.*)

After a hearing and oral argument, the State Court issued an order on May 1, 2023 (the "May 1, 2023, Order"), in favor of Lu, restricting the release of Susan's academic records to Plaintiff. (Am. Compl. ¶ 29.) In its statement of reasons, the State Court noted that Lu provided "numerous examples of [Plaintiff]'s controlling and abusive behavior during and after the parties' marriage[,]" and that an FRO was already issued "to protect both [Lu] and Susan[.]" (Ex. 17 to Compl. 5.) "Given the likelihood that [Plaintiff] may use the information from Susan's academic file in an abusive manner in violation of the existing FRO," the State Court found that "[Lu] had

shown the emergent relief was warranted." (*Id.*)[3] The Bernards Township BOE and Lazovick, the principal of the Ridge High School, complied with the May 1, 2023, Order, and Susan's "educational records were not released or made available to Plaintiff." (Lazovick Reply Br. 4, ECF No. 47.)

### B. Procedural History

Months later, Plaintiff initiated the instant federal action ("Original Complaint") against Lu and Lazovick, in his individual and official capacity. (*See generally* Compl., ECF No. 1.) The Original Complaint alleged the following causes of action:[4] (1) the State Court's issuance of the FRO violated Plaintiff's procedural due process rights under the Fourteenth Amendment (*id.* ¶¶ 61-66); (2) the State Court's restriction on Plaintiff's filing of FM motions violated Plaintiff's procedural due process and equal protection rights under the Fourteenth Amendment (*id.* ¶¶ 67-70); (3) the State Court's termination of Plaintiff's parental rights violated his procedural and substantive due process rights under the Fourteenth Amendment (*id.* ¶¶ 71-74); (4) the State Court's issuance of the FRO constituted "cruel or unusual punishment" under the Eighth Amendment (*id.* ¶¶ 75-77); (5) the State Court's FRO and subsequent order preventing Plaintiff's access to Susan's education records violated federal law (*id.* ¶¶ 78-81); (6) the State Court's FRO violated state law (*id.* ¶¶ 82-85); and (7) Plaintiff is entitled to punitive damages (*id.* ¶¶ 86-88).

---

[3] In essence, the State Court found that Plaintiff contacting the Bernards Township BOE for a record request constituted "a classic attempt at an end-run around the restraints of the FRO and the numerous [o]rders of [the State Court] and the Appellate Division." (Ex. 17 to Compl. 8-9, ECF No. 1-4.) The State Court also noted that Susan, "[u]pon turning 18 years old . . . may elect to have herself removed from the FRO as a protected party and may choose to share her academic records, medical records, personal records, . . . and/or other identifying information with defendant or anybody she so chooses." (*Id.* at 5.)

[4] While the allegations are not entirely clear, the Court construes them in a light most favorable to the pro se Plaintiff. *See Holley v. Dep't of Veteran Affs.*, 165 F.3d 244, 247-48 (3d Cir. 1999) (stating that courts have an obligation to liberally construe pro se pleadings).

Plaintiff sought, among other things, that this Court declare the State Court's FRO and the May 1, 2023, Order restricting his access to Susan's education records unconstitutional. (*Id.* at A.1-A.2.)

On May 29, 2024, this Court dismissed Plaintiff's Original Complaint after Defendants initially moved to dismiss ("May 2024 Opinion"). (ECF No. 37.) Specifically, the Court dismissed, with prejudice, Plaintiff's: (1) 18 U.S.C. §§ 241 and 242 claims; (2) Eighth Amendment claims; and (3) all claims challenging the FRO, the March 15, 2017, Order, and the May 1, 2023, Order. (May 2024 Op. 10, 17, ECF No. 37.) The Court dismissed Plaintiff's remaining federal claims without prejudice,[5] and Plaintiff was given forty-five days to file an amended complaint to correct the deficiencies identified in the May 2024 Opinion. (*Id.* at 17 ("In any subsequent pleading, Plaintiff must take care to outline specific facts for this Court and for Defendants as to exactly how the wrongful behavior Plaintiff alleges violates the Constitution, the Fourteenth Amendment, and 42 U.S.C. §§ 1983 and 1985.").) More specifically, the Court explained that the Original Complaint lacked sufficient allegations to suggest that a conspiracy existed, and that Defendants were motivated by discriminatory animus to deprive Plaintiff of equal protection of the laws. (*Id.* at 12.)

Plaintiff timely filed an Amended Complaint on July 8, 2024. (ECF No. 39.) Plaintiff's allegations in his Amended Complaint remain largely the same as the Original Complaint.[6] (*Compare* Compl., *with* Am. Compl.) In the Amended Complaint, Plaintiff seemingly takes the

---

[5] Because the Court dismissed all of Plaintiff's federal claims, it declined to exercise supplemental jurisdictional over Plaintiff's state law claims. (May 2024 Op. 16-17.)

[6] Rather than amend the Original Complaint, it appears that Plaintiff noted throughout his Amended Complaint where he disagrees with the Court's May 2024 Opinion. (*See, e.g.*, Am. Compl. n.1 ("This is amended in response to errors in the Court's [May 2024] Opinion (doc #37) in both fact finding and law application within the 45 days allowed, as highlighted in yellow color throughout[.]").) In doing so, Plaintiff also attempts to clarify his allegations. (*See generally id.*)

Case 3:23-cv-03819-MAS-JTQ   Document 48   Filed 02/28/25   Page 6 of 14 PageID: 794

opportunity to argue that this Court misapplied the law when it dismissed his claims. (*See generally* Am. Compl.)

Defendants now move to dismiss Plaintiff's Amended Complaint for many of the same reasons the Court previously dismissed Plaintiff's Original Complaint. (ECF Nos. 42, 45.) Plaintiff opposed the motions (ECF Nos. 43, 46), and only Lazovick replied (ECF No. 47).

## II.  <u>LEGAL STANDARD</u>

Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A district court conducts a three-part analysis when considering a motion to dismiss pursuant to Rule 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff[.]" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court, however, may ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me[.]" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a Rule 12(b)(6) motion, "[t]he defendant bears the burden of showing that no claim has been

6

presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

In assessing a pro se plaintiff's complaint, the Court construes a plaintiff's allegations liberally. *Beasley v. Howard*, No. 19-11058, 2022 WL 3500404, at *2 (D.N.J. Aug. 18, 2022) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even under this liberal standard, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013); *see also Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010).

### III.   DISCUSSION

Plaintiff's Amended Complaint reasserts the same claims previously set forth in his Original Complaint. (*Compare* Compl. ¶¶ 61-88, *with* Am. Compl. ¶¶ 61-88.) Since the Court dismissed some of Plaintiff's claims with prejudice (May 2024 Op. 17), the Court need not address those claims.[7] The Court, therefore, will only evaluate whether Plaintiff's Amended Complaint addresses the deficiencies identified in the May 2024 Opinion concerning his claims under § 1985, § 1983, and state law.

---

[7] Despite Plaintiff's apparent attempts to reassert them, the Court will not address the claims previously dismissed with prejudice. Those claims are no longer viable in this or any other lawsuit. *See Progme Corp. v. Comcast Cable Commc'ns LLC*, No. 17-1488, 2017 WL 5070723, at *4 (E.D. Pa. Nov. 3, 2017) ("By its very nature, a dismissal with prejudice means that it is final and binding."); *Johnakin v. Berringer*, No. 19-3484, 2019 WL 4849609, at *1 (E.D. Pa. Sept. 30, 2019) ("[Plaintiff] may not reassert any claim dismissed with prejudice."); *Doyle v. Y Z Com. LLC*, No. 21-17257, 2021 WL 5882986, at *5 (D.N.J. Dec. 13, 2021) ("A dismissal with prejudice means that [p]laintiff will be precluded from filing any future suit against [d]efendants concerning the allegations in the [c]omplaint."). Plaintiff has not added any new factual allegations that would change the Court's prior ruling. (*Compare* Compl., *with* Am. Compl.) The Court, therefore, adopts its discussion in its May 2024 Opinion with respect to the claims dismissed with prejudice. (*See generally* May 2024 Op.)

For the reasons outlined below, the Court finds that Plaintiff has failed to correct the deficiencies identified in the May 2024 Opinion and, thus, the Amended Complaint is dismissed.

A.  **Section 1985 Claims**

First up are Plaintiff's conspiracy claims under 42 U.S.C. § 1985 against Defendants. (*See generally* Am. Compl.) In short, Plaintiff alleges that he suffered injuries as a result of a conspiracy because Defendants "*colluded* to violate [his] constitutional parental rights" in violation of § 1985(3). (*Id.* ¶ 66.)

Section 1985 provides a cause of action against persons who "conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws[.]" 42 U.S.C. § 1985(3). To state a § 1985(3) conspiracy claim, "a plaintiff must allege: (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States." *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997) (citations omitted).

Here, the Court again finds that Plaintiff's allegations are insufficient to raise a conspiracy claim under § 1985(3). At the outset, the Court notes that, like the Original Complaint, Plaintiff's Amended Complaint fails to allege sufficient facts to show a conspiracy existed. *See Startzell v. City of Phila.*, 533 F.3d 183, 205 (3d Cir. 2008) ("To constitute a conspiracy, there must be a 'meeting of the minds.'"); *Shearin v. E.F. Hutton Grp., Inc.*, 885 F.2d 1162, 1166 (3d Cir. 1989) ("To plead conspiracy adequately, a plaintiff must set forth allegations that address the period of the conspiracy, the object of the conspiracy, and the certain actions of the alleged conspirators taken to achieve that purpose.").

Regarding Lazovick, Plaintiff's Amended Complaint simply highlights the allegations contained in the Original Complaint, pertaining to the correspondence from the Bernards Township BOE to Defendant Lu's former counsel. (*Compare* Compl. ¶ 19, *with* Am. Compl. ¶ 19; Ex. 15 to Compl.) But as the Court explained in its May 2024 Opinion, "[t]his correspondence does not suggest any wrongdoing." (May 2024 Op. 13.) That is because "the Bernards Township BOE merely advised that it would turn Susan's records over to Plaintiff '[u]nless it receive[d] specific direction on this issue from a court of competent jurisdiction[.]'" (*Id.* (alternation in original).) It was only then that Lu timely filed an emergent application and successfully obtained the May 1, 2023, Order thereafter, preventing Plaintiff's access to Susan's records. (Am. Compl. ¶¶ 20, 29.) Then, Lazovick and the Bernards Township BOE lawfully complied with the State Court's directive. (Lazovick Reply Br. 4.) In fact, had Lazovick complied with Plaintiff's requests, he would have violated the State Court's Order. (*See id.*; *see also* Ex. 17 to Compl. 1) As Plaintiff has not provided any additional allegations to support a § 1985(3) claim against Lazovick (*Compare* Compl., *with* Am. Compl.), the Court declines to disturb its previous findings (May 2024 Op. 14 ("Without more, Plaintiff's allegations do not state a claim against Lazovick under [§] 1985 and must be dismissed.")).[8]

---

[8] The Court recognizes that Lazovick reasserts arguments that he is entitled to absolute and qualified immunity. (Lazovick Mot. Dismiss 17-20, ECF No. 45-1.) Like with the Original Complaint, the Court cannot decipher what specific constitutional violations Plaintiff alleges, and for that reason, the Court will not venture into Lazovick's immunity arguments. *Winfield Scott Tower Urb. Renewal LP v. Luciani*, No. 23-133, 2024 WL 383980, at *4 n.8 (D.N.J. Feb. 1, 2024) ("The Court stops its analysis here because a qualified immunity defense, for example, requires a Court to assess 'whether the facts alleged []in the context of a motion to dismiss . . . make out a violation of a constitutional right.'" (quoting *Karns v. Shanahan*, 879 F.3d 504, 520 (3d Cir. 2018))). Because the Court cannot decipher what constitutional violations occurred or the facts underlying them, assessing immunity would be premature without allowing Plaintiff to amend his complaint to include such information. *Id.* at *4. If Plaintiff chooses to file a second amended complaint, and if Lazovick still believes his immunity defenses apply, Lazovick may reassert such arguments in a subsequent motion to dismiss. *See id.*

The Court likewise finds the same regarding Plaintiff's § 1985(3) conspiracy claims against Lu. Plaintiff broadly realleges that Lu and her prior counsel: (1) colluded with the Honorable Thomas C. Miller, J.S.C. (ret.) to terminate Plaintiff's parental rights and issue the permanent FRO (Am. Compl. ¶ 74 & n.24); (2) colluded with other judges to enjoin Plaintiff from filing future motions (*id.* ¶¶ 64, 70); and (3) colluded with Lazovick to deny him access to Susan's academic records (*id.* ¶ 19).

In its May 2024 Opinion, the Court dismissed Plaintiff's § 1985(3) conspiracy claims against Lu because Plaintiff failed to provide any discernable factual support for his allegations of this purported collusion. (May 2024 Op. 14.) Plaintiff's Amended Complaint, however, fails to plead any additional factual support regarding these allegations of collusion. (*Compare* Compl., *with* Am. Compl.) Because Plaintiff has not provided any additional factual allegations to support a § 1985(3) claim against Lu, the Court declines Plaintiff's invitation to disturb its previous findings.[9] *See Young v. Kann*, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991) ("[I]t is a longstanding rule in the Third Circuit that a mere allegation . . . of conspiracy or collusion without alleging the facts which constituted such conspiracy or collusion is a conclusion of law and is insufficient [to state a claim]." (citations omitted)).

---

[9] The Amended Complaint still shows that Lu lawfully obtained an FRO against Plaintiff and otherwise complied with the State Court's orders. (*See generally* Am. Compl.) As the Court explained in its May 2024 Opinion, "merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." (May 2024 Op. 14 (quoting *Dennis v. Sparks*, 449 U.S. 24, 28 (1980)).)

As such, because Plaintiff fails to provide sufficient additional factual support[10] to sustain a § 1985(3) conspiracy claim, the Court dismisses his § 1985(3) conspiracy claims against Defendants without prejudice.

**B.     Section 1983 Claim[11]**

Next up is Plaintiff's conspiracy claim under § 1983, alleging generally that Lu violated his constitutional rights under the Fourteenth Amendment. (*See generally* Am. Compl.)

The procedural vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In other words, a plaintiff "must establish that []he was deprived of a federal constitutional or statutory right by *a state actor*." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (emphasis added).

Whether a defendant is acting under color of state law—i.e., whether the defendant is a state actor—depends on whether there is "such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself[.]" *Leshko v.*

---

[10] But, even if Plaintiff provided additional factual allegations suggesting a conspiracy existed, the Amended Complaint, as with Plaintiff's Original Complaint, fails to provide any factual allegations to suggest that Defendants were motivated by discriminatory animus to deprive Plaintiff of equal protection of the laws. *Burgos v. Canino*, 641 F. Supp. 2d 443, 457-58 (E.D. Pa. 2009), *aff'd*, 358 F. App'x 302 (3d Cir. 2009) ("The language requiring intent to deprive [another] of equal protection indicates that there must be some racial, or perhaps otherwise class-based discriminatory animus behind the conspirators' action." (quoting *Kush v. Rutledge*, 460 U.S. 719, 726 (1983))).

[11] Like the Original Complaint, Plaintiff's Amended Complaint only alleges conspiracy claims against Lazovick under Section 1985, not under Section 1983. (*Compare* Compl., *with* Am. Compl.) This Court noted such in its May 2024 Opinion (May 2024 Op. 11), and Plaintiff's Amended Complaint did not correct such deficiency (*see generally* Am. Compl.).

*Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotation marks omitted) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)). In answering that question,

> [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity.

*Kach*, 589 F.3d at 646 (cleaned up).

Here, the Court's analysis can be brief. In its May 2024 Opinion, the Court "recognize[d] that a private party[, i.e., Lu] may qualify as [a] state actor if she conspire[d] with a state official[.]" (May 2024 Op. 16 (citation omitted).) But, the Court further explained that "Plaintiff ha[d] not pled any meaningful facts that Lu was involved in a conspiracy."[12] (*Id.*) As Plaintiff provided no new factual allegations pertaining to Lu's purported involvement in the alleged conspiracy, the Court declines to disturb its previous findings. The Court, therefore, dismisses Plaintiff's § 1983 claim without prejudice.

C.   **Remaining State Law Claims**

Last up are Plaintiff's state law claims under the Prevention of Domestic Violence Act ("PVDA"), specifically N.J.S.A. 2C:25-18, 19, 29. (Am. Compl. ¶¶ 31-35.) The Court reiterates that these allegations are difficult for the Court to discern. Nevertheless, because the Court again dismisses all of Plaintiff's federal claims, it will decline to exercise supplement jurisdiction over

---

[12] That is, "Plaintiff has not pled [sufficient] fact[ual allegations] to support an inference of a 'close nexus' between Lu's private conduct and the state itself such that the challenged actions can fairly be treated as actions of the state." (May 2024 Op. 16 (citing *Leshko*, 423 F.3d at 339).)

these state law claims. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").[13]

**D.    Leave to Amend**

Because additional factual allegations may change the Court's analysis, the Court will grant Plaintiff one final opportunity to file a second amended complaint within forty-five days. *See, e.g., In re: Lamictal Indirect Purchaser & Antitrust Consumer Litig.*, 172 F. Supp. 3d 724, 739 (D.N.J. 2016). In any subsequent pleading, Plaintiff must take care to outline specific facts for this Court and for Defendants as to exactly how the wrongful behavior Plaintiff alleges violates the Constitution, the Fourteenth Amendment, and 42 U.S.C. §§ 1983 and 1985.[14] If Plaintiff fails to file a second amended complaint within this timeframe, his federal claims will be dismissed with prejudice.

---

[13] To the extent Plaintiff brings any other claims against Defendants, the factual underpinnings or legal merit of such claims are not clear from the face of the Amended Complaint. The Court declines any invitation to engage in a full analysis of the potential constitutional theories that Plaintiff intends to bring against Defendants without any factual context. *Rayford v. Amazon Logistics, Inc.*, No. 21-20591, 2022 WL 4011037, at *3 (D.N.J. Sept. 2, 2022) ("[T]he Court need not speculate as [p]laintiff, even pro se, bears the burden of adequate pleading.").

[14] If Plaintiff elects to file a second amended complaint, Plaintiff must also separately identify the unconstitutional act purportedly committed by each defendant—Lu and Lazovick.

IV. **CONCLUSION**

For the reasons stated above, the Court grants Defendants' motions to dismiss. Plaintiff's claims under 42 U.S.C. §§ 1985 and 1983 are dismissed without prejudice. Any proposed second amended complaint must address and fix the deficiencies identified within this Memorandum Opinion. An Order consistent with this Memorandum Opinion will be entered.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE