**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| SHINHUA LIU, | |
| Plaintiff, | Civil Action No. 23-3819 (MAS) (JTQ) |
| v. | **MEMORANDUM OPINION** |
| KUN LU, *et al.*, | |
| Defendants. | |

**SHIPP, District Judge**

This matter comes before the Court upon Defendants Kun Lu ("Lu") and Russell Lazovick's ("Lazovick") (collectively, "Defendants") Motions to Dismiss (ECF Nos. 53, 56)[1] Plaintiff Shinhua Liu's ("Plaintiff") Second Amended Complaint (the "SAC") (ECF No. 50) pursuant to Federal Rule of Civil Procedure[2] 12(b)(6). Plaintiff opposed (ECF No. 58) and only Lazovick replied (ECF No. 59). The Court has carefully considered the parties' submissions and reaches its decision without oral argument under Local Civil Rule 78.1(b). For the reasons below, Defendants' Motions to Dismiss (ECF Nos. 53, 56) are granted.

---

[1] Lu's filing is styled as a "Response" (*see* ECF No. 56), but advances arguments in favor of dismissal, and is therefore considered a motion to dismiss.

[2] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

## I.    BACKGROUND

### A.    Factual Background[3]

Plaintiff and Lu were married in China in 1996 and divorced approximately thirteen years later. (Second Am. Compl. ("SAC") ¶ 10, ECF No. 50.) Following their divorce, Plaintiff and Lu were involved in multiple state court legal proceedings in the Superior Court of New Jersey, Family Part (the "State Court"). (*Id.* ¶¶ 10-18.) In December 2011, Lu was granted sole legal and physical custody of their only child, Susan Liu ("Susan"), and Plaintiff was ordered to pay child support. (*Id.* ¶ 10.) About one month later, the State Court issued a Final Restraining Order (the "FRO") restraining Plaintiff from contacting Lu, Susan, and other family members. (*Id.* ¶ 11.)

Over the next decade, Plaintiff attempted to vacate the FRO against him, or in the alternative, amend the FRO to permit his contact with Susan and reinstate his parenting time. (*Id.* ¶¶ 12-18.) Specifically, Plaintiff moved to vacate the FRO in State Court four times: in May 2013, March 2014, December 2016, and July 2017, all to no avail. (*Id.*); *see K.L. v. S.L.*, A-1037-17, 2018 WL 4038312, at *1-3 (N.J. Super. Ct. App. Div. Aug. 24, 2018). Notably, in denying Plaintiff's July 2017 request to modify the FRO, the Court noted that "[n]either [Lu] nor her family consented to dissolving the FRO[ and Lu] certified that she still lives in 'extreme fear' of [Plaintiff], as d[id] [Susan] and her extended family." *K.L.*, 2018 WL 4038312, at *3. The State

---

[3] For the purpose of considering the instant motion, the Court accepts all factual allegations in the SAC as true and considers the exhibits referenced in the SAC. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008); *Guidotti v. Legal Helpers Debt Resol., L.L.C.*, 716 F.3d 764, 772 (3d Cir. 2013) (noting that the court can "consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based on [those] documents" on a motion to dismiss under Rule 12(b)(6) (citation omitted)).

Court noted that this was Plaintiff's "seventh motion[4] to modify . . . the FRO, several of which were procedurally deficient even after the trial court brought the deficiencies to [Plaintiff's] attention." *Id.* Plaintiff appealed the State Court's decision on his July 2017 motion, but the New Jersey Superior Court Appellate Division did not find in his favor and the New Jersey Supreme Court denied certification. *See id.* at 4 ("[W]e are satisfied the record fully supports the [State Court's] decision to deny [Plaintiff's] motion in its entirety."); *see also K.L. v. S.L.*, 203 A.3d 884 (N.J. 2019) ("[T]he petition for certification is denied.").

Thereafter, in February 2023, Plaintiff made a request to Ridge High School for Susan's academic transcripts pursuant to the Family Educational Rights and Privacy Act (the "FERPA"). (SAC ¶ 19.) On March 6, 2023, Lu's then-counsel sent correspondence to counsel for the Bernards Township Board of Education (the "Bernards Township BOE") stating that Lu intended to make a formal application to the State Court to limit Plaintiff's access to Susan's records. (Ex. B to SAC, ECF No. 50.) On March 13, 2023, counsel for the Bernards Township BOE informed Lu's then-counsel that it would provide Plaintiff a copy of Susan's records "[u]nless [it] receive[d] specific direction on this issue from a court of competent jurisdiction by March 24, 2023[.]"[5] (SAC ¶ 19; Ex. 15 to Compl., ECF No. 1-4.) On March 21, 2023, Lu filed an emergent application with the State Court to prevent Plaintiff's access to Susan's school records and cited the FRO. (SAC ¶ 20.) The emergent application was granted on March 23, 2023. (*Id.*) Plaintiff then filed a

---

[4] After the State Court warned Plaintiff about "harassing" litigation, it entered an order on March 15, 2017 (the "March 15, 2017, Order") that required Plaintiff to obtain pre-approval before filing future "FM" motions. (SAC ¶¶ 15, 17.) Plaintiff unsuccessfully challenged the March 15, 2017, Order. *See K.L.*, 2018 WL 4038312, at *5 ("Considering the history of repetitive, procedurally deficient, and meritless filings by [Plaintiff], we cannot conclude the trial court abused its discretion by continuing the pre-approval process.").

[5] Plaintiff alleges that this correspondence showed that the Bernards Township BOE "colluded" with Lu to "deny [his] parental rights." (SAC ¶ 19.)

cross-motion "arguing that the emergent order should be dissolved or[,] in the alternative[,] modified by 'redacting' all-non public contact information in the transcripts[.]" (*Id.*) While the dispute was pending in the State Court, Lazovick and the Bernards Township BOE did not provide Plaintiff access to Susan's records. (*See id.* ¶¶ 19-20.) After holding oral argument on the matter, the State Court issued an order on May 1, 2023 (the "May 1, 2023, Order"), in favor of Lu, blocking Plaintiff's access to Susan's academic records, noting in part that the request was essentially "an end-run around the restraints of the FRO." (*Id.* ¶¶ 29-30.)

B.    **Procedural Background on Motion to Dismiss**

This is not the first time this Court has addressed a motion to dismiss Plaintiff's complaint in this case. In July 2023, Plaintiff initiated the instant federal action (the "Original Complaint") against Lu, "in her individual capacity as a legal person [and] ex-wife," and Lazovick, in both his individual and official capacity. (*See generally* Compl., ECF No. 1.) The Original Complaint alleged seven purported causes of action:[6] (1) the State Court's issuance of the FRO violated Plaintiff's procedural due process rights under the Fourteenth Amendment (*id.* ¶¶ 61-66); (2) the State Court's restriction on Plaintiff's filing of FM motions violated Plaintiff's procedural due process and equal protection rights under the Fourteenth Amendment (*id.* ¶¶ 67-70); (3) the State Court's termination of Plaintiff's parental rights violated his procedural and substantive due process rights under the Fourteenth Amendment (*id.* ¶¶ 71-74); (4) the State Court's issuance of the FRO constituted "cruel and unusual punishment" under the Eighth Amendment (*id.* ¶¶ 75-77); (5) the State Court's FRO and subsequent order preventing Plaintiff's access to Susan's education records violated federal law (*id.* ¶¶ 78-81); (6) the State Court's FRO violated state law (*id.*

---

[6] While the allegations are not entirely clear, the Court construes them in the light most favorable to the pro se Plaintiff. *See Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 32 (3d Cir. 2011).

¶¶ 82-85); and (7) Plaintiff is generally entitled to punitive damages (*id.* ¶¶ 86-88). Plaintiff also sought, among other things, a declaration that the State Court's FRO and the May 1, 2023, Order restricting his access to Susan's education records were unconstitutional. (*Id.* ¶¶ A.1-A.2.)

On May 29, 2024, this Court dismissed Plaintiff's Original Complaint in its entirety after Defendants initially moved to dismiss. (*See generally* May 2024 Mem. Op., ECF No. 37; May 2024 Order, ECF No. 38.) Specifically, the Court dismissed with prejudice Plaintiff's claims: (1) under 18 U.S.C. §§ 241 and 242 because they fail as a matter of law; (2) pursuant to the Eighth Amendment because Plaintiff is not a prisoner and, therefore, the claim is inapplicable; and (3) challenging the State Court's FRO, March 15, 2017, Order, and May 1, 2023, Order for lack of subject-matter jurisdiction. (May 2024 Mem. Op. 10-12, 17.) The Court dismissed Plaintiff's remaining federal claims without prejudice for failure to state a claim and declined to exercise supplemental jurisdiction over Plaintiff's state law claims. (*Id.* at 16-17.)

Plaintiff timely filed an Amended Complaint. (*See generally* Am. Compl., ECF No. 39.) Plaintiff's allegations in his Amended Complaint remained largely the same as the Original Complaint.[7] (*Compare* Compl. *with* Am. Compl.) Defendants subsequently moved to dismiss the Amended Complaint for many of the same reasons the Court previously dismissed the Original Complaint. (*See generally* ECF Nos. 42, 45.) On February 28, 2025, the Court dismissed without prejudice Plaintiff's claims under 42 U.S.C. §§ 1985 and 1983 and the state law claims.[8] (Feb. 2025 Mem. Op. 14, ECF No. 48; *see generally* Feb. 2025 Order, ECF No. 49.) In its Opinion, the

---

[7] Rather than amend the Original Complaint, it appears that Plaintiff noted throughout his Amended Complaint where he disagreed with the Court's May 2024 Opinion. (*See, e.g.*, Am. Compl. 1 n.1 ("This amended complaint [is] in response to errors in the Court's Memorandum Opinion (doc #37) in both fact finding and law application [and is filed] within the 45 days allowed, as highlighted in yellow color throughout[.]").)

[8] The Court also noted that it need not address the claims Plaintiff attempted to bring again that were previously dismissed with prejudice. (Feb. 2025 Mem. Op. 7, 7 n.7.)

Court noted that it would give Plaintiff "one final opportunity to file a second amended complaint within forty-five days" and instructed that "Plaintiff must take care to outline specific facts for this Court and for Defendants as to exactly how the wrongful behavior Plaintiff alleges violates the Constitution, the Fourteenth Amendment, and 42 U.S.C. §§ 1983 and 1985." (Feb. 2025 Mem. Op. 13.)

Plaintiff timely filed the SAC on April 7, 2025. (*See generally* SAC.) The SAC's allegations are largely the same as those of the Original Complaint and Amended Complaint. (*Compare* SAC *with* Compl. *and* Am. Compl.) Plaintiff once again appears to have opted to note throughout the SAC where he disagrees with the Court's previous Opinions, rather than amend his complaint to address the deficiencies noted by this Court on multiple occasions. (*See* SAC 1 n.1 ("This is [the SAC] in response to errors in the Court's Memorandum Opinion (doc #48) in both fact finding and law application[.]").) Defendants now move to dismiss the SAC for largely the same reasons they did for both the Original Complaint and the Amended Complaint. (ECF Nos. 53, 56.) Plaintiff opposed the motions (ECF No. 58), and only Lazovick replied (ECF No. 59).

## II.    <u>LEGAL STANDARD</u>

Rule 8(a)(2) "requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

A district court conducts a three-part analysis when considering a motion to dismiss under Rule 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must identify "the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court must identify all of the plaintiff's well-pleaded factual allegations, accept

them as true, and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court can discard bare legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed the plaintiff. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Third, the court must determine whether "the [well-pleaded] facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

In assessing a pro se plaintiff's complaint, the court construes a plaintiff's allegations liberally. *Beasley v. Howard*, 623 F. Supp. 3d 434, 439 (D.N.J. 2022) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even under this liberal standard, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III.    DISCUSSION

Plaintiff once again reasserts the same claims previously set forth in both the Original Complaint and the Amended Complaint. (*Compare* SAC ¶¶ 61-88 *with* Am. Compl. ¶¶ 61-88 *and* Compl. ¶¶ 61-88.) As the Court noted in its February 2025 Opinion (*see* Feb. 2025 Mem. Op. 7), since the Court dismissed some of Plaintiff's claims with prejudice (*see* May 2024 Mem. Op. 17),

the Court need not address those claims again.[9] The Court, therefore, will only evaluate whether Plaintiff's SAC addresses the deficiencies identified in its February 2025 and May 2024 Opinions concerning his claims under 42 U.S.C. § 1985, 42 U.S.C. § 1983, and state law. For the reasons outlined below, the Court finds that Plaintiff has once again failed to correct the deficiencies previously identified by this Court and, thus, dismisses the SAC.

### A.    Section 1985 Claims

Section 1985 provides a cause of action against "two or more persons . . . [who] conspire . . . for the purpose of depriving, either directly or indirectly any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws[.]" 42 U.S.C. § 1985(3). To state a conspiracy claim under 42 U.S.C. § 1985(3),

> a plaintiff must allege: (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States.

*Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997) (citations omitted).

Plaintiff's SAC allegations are again insufficient to plead a conspiracy claim under 42 U.S.C. § 1985(3) against Defendants. Plaintiff alleges that he suffered injuries as a result of a

---

[9] Despite Plaintiff's second attempt to reassert the claims, the Court will not address the claims previously dismissed with prejudice, as those claims are no longer viable in this or any other lawsuit. *See Progme Corp. v. Comcast Cable Commc'ns LLC*, No. 17-1488, 2017 WL 5070723, at *4 (E.D. Pa. Nov. 3, 2017) ("By its very nature, a dismissal with prejudice means that it is final and binding."); *Johnakin v. Berringer*, No. 19-3484, 2019 WL 4849609, at *1 (E.D. Pa. Sep. 30, 2019) ("[Plaintiff] may not reassert any claim dismissed with prejudice."); *Doyle v. Y Z Com. LLC*, No. 21-17257, 2021 WL 5882986, at *5 (D.N.J. Dec. 13, 2021) ("A dismissal with prejudice means that [p]laintiff will be precluded from filing any future suit against [d]efendants concerning the allegations in the [c]omplaint."). The Court, therefore, adopts its discussion in its May 2024 Opinion and its reasoning from is February 2025 Opinion with respect to the claims previously dismissed with prejudice. (*See generally* May 2024 Mem. Op.; Feb. 2025 Mem. Op.)

conspiracy because Defendants "'*colluded*'' to violate [his] constitutional parental rights" in violation of 42 U.S.C. § 1985. (SAC ¶ 66.) Plaintiff, however, has not alleged—as he failed to do in both the Original Complaint and the Amended Complaint—sufficient facts to show that a conspiracy existed. (*See generally* SAC.) "[M]ere conclusory allegations that a conspiracy exists will not survive a motion to dismiss." *Harley v. City of New Jersey City*, No. 16-5135, 2017 WL 2779466, at *11 (D.N.J. June 27, 2017) (citing *Garlanger v. Verbeke*, 223 F. Supp. 2d 596, 605 (D.N.J. 2002)); *see also Campbell v. Gibb*, No. 10-6584, 2012 WL 603204, at *8 (D.N.J. Feb. 21, 2012) ("To survive summary dismissal, conspiracy allegations 'must provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action.'" (quoting *Capogrosso v. Sup. Ct. of N.J.*, 588 F.3d 180, 184 (3d Cir. 2009), *cert. denied*, 562 U.S. 841 (2010))). "Instead, 'a plaintiff must set forth allegations that address the period of the conspiracy, the object of the conspiracy, and the certain actions of the alleged conspirators taken to achieve that purpose.'" *Harley*, 2017 WL 2779466, at *11 (quoting *Ivan v. County of Middlesex*, 595 F. Supp. 2d 425, 484 (D.N.J. 2009)). Moreover, a § 1985(3) conspiracy requires a "meeting of the minds." *Campbell*, 2021 WL 603204, at *9 (quoting *Startzell v. City of Philadelphia*, 533 F.3d 183, 205 (3d Cir. 2008)).

Here, Plaintiff alleges that Lazovick, via the Bernards Township BOE counsel, colluded with Lu, via her then-counsel, by "instigating legal action" as purportedly evidenced by the correspondence Plaintiff cites in his SAC. (*See* SAC ¶ 19.) Plaintiff argues that the Court ignored the "hard evidence" and his argument "that [his] conspiracy claim against Lazovick (with Lu regarding Susan's school records) is not only factually sufficient but also legally viable." (*Id.*) As this Court has explained twice before, the correspondence Plaintiff points to for this purported "conspiracy" does not suggest *any* wrongdoing by Defendants. (*See* May 2024 Mem. Op. 13; Feb.

2025 Mem. Op. 9.) After Plaintiff made the request for Susan's school records, Lu's then-counsel informed the Bernards Township BOE that Lu intended to make a "forthcoming application" to the State Court to limit Plaintiff's access to the records pursuant to N.J. Stat. Ann. 9:2-4.2. (Ex. B to SAC.) After Lu's counsel sent that correspondence, "the Bernards Township BOE merely advised that it would turn Susan's records over to Plaintiff '[u]nless it receive[d] specific direction on this issue from a court of competent jurisdiction.'" (Feb. 2025 Mem. Op. 9 (alterations in original) (quoting May 2024 Mem. Op. 13).) Lu quickly filed an emergent application—as she represented she would—and successfully obtained both emergent relief and the subsequent May 1, 2023, Order, preventing Plaintiff's access to Susan's records. (SAC ¶¶ 20, 29.) Lazovick and the Bernards Township BOE then lawfully complied with the State Court's May 1, 2023, Order, by *not* providing Plaintiff access to Susan's academic records. (Lazovick Reply Br. 7, ECF No. 59.) Lazovick's lawful compliance with the State Court's order can hardly be considered a conspiracy.[10] As Plaintiff has once again failed to allege any additional allegations to support his conspiracy claim under 42 U.S.C. § 1985(3) against Lazovick (*compare* SAC *with* Am. Compl. *and* Compl.), his claim against Lazovick must be dismissed (*see* Feb. 2025 Mem. Op. 9 (citing May 2024 Mem. Op. 14 ("Without more, Plaintiff's allegations do not state a claim against Lazovick under [§] 1985 and must be dismissed."))).

Similarly, Plaintiff has failed to state a conspiracy claim under 42 U.S.C. § 1985(3) against Lu. Once again, Plaintiff generally alleges that Lu and her counsel colluded with the Honorable Thomas C. Miller, J.S.C. (ret.) to terminate Plaintiff's parental rights and issue the permanent FRO

---

[10] Plaintiff's argument that Lazovick's non-compliance with Plaintiff's request *before* the State Court issued its order amounts to a conspiracy also fails, as this Court has previously found that the correspondence that Plaintiff relies on for the purported conspiracy "does not suggest any wrongdoing." (Feb. 2025 Mem. Op. 9 (alterations in original) (quoting May 2024 Mem. Op. 13).)

(SAC ¶ 74 n.24) and colluded with other judges to enjoin Plaintiff from filing future FM motions (*id.* ¶¶ 64, 70).[11] The SAC's allegations, however, simply show that Lu resorted to the courts to obtain lawful orders against Plaintiff. (*See generally id.*) As the Court has explained twice before (*see* May 2024 Mem. Op. 14; Feb. 2025 Mem. Op. 10 n. 9), "merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." *Dennis v. Sparks*, 449 U.S. 24, 28 (1980). Because Plaintiff again fails to provide additional factual allegations[12] to support a conspiracy claim under 42 U.S.C. § 1985 against Lu, the Court must dismiss this claim. *See Young v. Kann*, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991) ("[I]t is a longstanding rule in the Third Circuit that a mere allegation . . . of conspiracy or collusion without alleging the facts which constituted such conspiracy or collusion is a conclusion of law and is insufficient [to state a claim]." (third alteration in original) (citations omitted)).

---

[11] Plaintiff also alleges that Lu conspired with Lazovick to deny him access to Susan's academic records. (SAC ¶ 19.) This theory asserted against Lu must fail for the same reasons it fails against Lazovick.

[12] The Court also notes that even if Plaintiff alleged additional facts to show a conspiracy existed, the SAC still fails to provide any factual allegations to suggest that Defendants were motivated by a discriminatory animus to deprive Plaintiff of equal protection of the laws, the second element of a claim under 42 U.S.C. § 1985(3). *See Lake*, 112 F.3d at 685 (citations omitted).

The Court, accordingly, dismisses Plaintiff's conspiracy claims under 42 U.S.C. § 1985 against Defendants with prejudice.[13]

**B.    Section 1983 Claims**

Section 1983 operates as the procedural vehicle by which a plaintiff may bring a claim for violation of constitutional rights in federal court. *See* 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "[A] plaintiff seeking to hold an individual liable under § 1983 must establish that []he was deprived of a federal constitutional or statutory right *by a state actor*." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (emphasis added) (citing *Benn v. Universal Health Sys.*, 371 F.3d 165, 169-70 (3d Cir. 2004)). There is "no simple line between states and private persons" so courts look to whether "there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself[.]" *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotation

---

[13] Plaintiff has been given multiple opportunities to amend his complaint to provide sufficient factual support to adequately allege a conspiracy claim under 42 U.S.C. § 1985 against both Defendants. Because Plaintiff has once again failed to sufficiently plead a claim under 42 U.S.C. § 1985 against Defendants and continues to advance the same arguments and allegations (*see generally* SAC), the Court finds that permitting Plaintiff any additional opportunities to amend would be futile. *See Baker v. Ahsan*, 785 F. App'x 904, 906 (3d Cir. 2019) (finding that the "[d]istrict [c]ourt did not err in holding further amendment would be futile" where the district court generously construed plaintiff's complaint and gave plaintiff multiple opportunities to amend his complaint); *Smith v. DeJoy*, No. 21-706, 2025 WL 240899, at *2 (W.D. Pa. Jan. 17, 2025) ("When a *pro se* plaintiff has been afforded multiple opportunities to cure defects of pleading and additional opportunity to amend appears to be futile, dismissal with prejudice and without leave to amend may be appropriate." (quoting *Singleton v. Harbor Freight Manager*, No. 23-2889, 2024 WL 1406420, at *1 (3d Cir. Apr. 2, 2024))); *Harris v. Corbett*, No. 12-01, 2014 WL 580150, at *8 (W.D. Pa. Feb. 12, 2024) ("Moreover, 'if the court determines that plaintiff has had multiple opportunities to state a claim but has failed to do so, leave to amend may be denied.'" (citation omitted)).

marks omitted) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)). In answering that question,

> [the Third Circuit has] outlined three broad tests generated by the Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity.

*Kach*, 589 F.3d at 646 (citation modified).

Lazovick, as a principal, may be a state actor for purposes of § 1983. (SAC ¶ 2); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 935 n.18 (1982) ("[S]tate employment is generally sufficient to render [a] defendant a state actor[.]"). Plaintiff, however, has failed to allege what federal and/or state constitutional right of his was purportedly violated. (*See generally* SAC.) Rather, Plaintiff seems to argue that he had some constitutional right to compel Lazovick to defy a State Court order that Plaintiff baselessly contends was illegal.[14] (*See* Pl.'s Opp'n Br. 6, ECF No. 58-1.) This is not sufficient to allege a claim against Lazovick under 42 U.S.C. § 1983.[15]

With respect to Lu, this Court has twice previously recognized that "a private party[, i.e., Lu] may qualify as [a] state actor if she conspire[d] with a state official[.]" (Feb. 2025 Mem. Op. 12 (alterations in original) (quoting May 2024 Mem. Op. 16).)  As discussed above, Plaintiff has

---

[14] To the extent Plaintiff is attempting to allege that Lazovick and the Bernards Township BOE's nondisclosure of Susan's academic records was a violation of FERPA, and that serves as the basis for his § 1983 claim, such a claim must fail. *See Freeman v. Allentown Sch. Dist.*, No. 24-670, 2024 WL 897835, at *2 (E.D. Pa. Mar. 1, 2024) ("FERPA does not give rise to a private cause of action or create rights that are enforceable under 42 U.S.C. § 1983." (citing *Gonzaga Univ. v. Doe*, 536 U.S. 273, 279 (2002) ("[W]e have never before held, and decline to do so here, that spending legislation drafted in terms resembling those of FERPA can confer enforceable rights."))).

[15] Because the Court dismisses both federal claims against Lazovick, it need not reach the merits of Lazovick's argument that he is entitled to both absolute and qualified immunity. (*See* Lazovick's Moving Br. 13-16, ECF No. 53-1.)

not provided sufficient facts to allege that Lu was involved in a conspiracy or facts "to support an inference of a 'close nexus' between Lu's private conduct and the state itself such that the challenged actions can fairly be treated as actions of the state." (May 2024 Mem. Op. 16 (citing *Leshko*, 423 F.3d at 339).) Plaintiff's § 1983 claim against Lu must, therefore, also be dismissed.

The Court, accordingly, dismisses Plaintiff's claims under 42 U.S.C. § 1983 against Defendants with prejudice.[16]

### C.    Remaining State Law Claims

Because Plaintiff's federal claims have been dismissed, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.[17] *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) ("A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which is had original jurisdiction is purely discretionary." (citing 28 U.S.C. § 1367(c))).

---

[16] As with the 42 U.S.C. § 1985 claim, Plaintiff has been given multiple opportunities to amend his complaint to provide sufficient additional factual support to sustain a claim under 42 U.S.C. § 1983. Because Plaintiff has again failed to sufficiently plead a claim under 42 U.S.C. § 1983 and continues to advance the same arguments and allegations (*see generally* SAC), the Court finds that permitting Plaintiff additional opportunities to amend would be futile. *See Baker*, 785 F. App'x at 906; *Smith*, 2025 WL 240899, at *2; *Harris*, 2014 WL 580150, at *8.

[17] Plaintiff seemingly alleges state law claims under the Prevention of Domestic Violence Act, specifically N.J.S.A. 2C:25-18, 19, 29. (SAC ¶¶ 31-35.) These allegations continue to be difficult for the Court to discern, and to the extent Plaintiff is attempting to bring any other state law claims, the factual underpinnings or legal merit of such claims are not clear from the face of the SAC and the Court will not speculate as to what theories Plaintiff could allege. *See Rayford v. Amazon Logistics, Inc.*, No. 21-20591, 2022 WL 4011037, at *3 (D.N.J. Sep. 2, 2022) ("[T]he Court need not speculate as [p]laintiff, even pro se, bears the burden of adequate pleading.").

## IV.    <u>CONCLUSION</u>

For the reasons set forth above, Defendants' Motions to Dismiss are granted. Plaintiff's claims under 42 U.S.C. §§ 1985 and 1983 are dismissed with prejudice. The Court will issue an Order consistent with this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: December 10th, 2025